Michael R. Mey, Esquire
Mey & Sulla, LLP
ID # 41441
1144 East Drinker Street
Dunmore, PA  18512
570-961-1929                                                                         Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MODULAR STEEL SYSTEMS INC., | : | |
|---|---|---|
| | : | |
| Plaintiff | : | BREACH OF CONTRACT AND |
| | : | UNJUST ENRICHMENT |
| VS. | : | |
| | : | JURY DEMANDED VIA COMPLAINT |
| FAIRFIELD UNIVERSITY, | : | |
| | : | |
| Defendants | : | No.: |

## COMPLAINT

**NOW COMES** the Plaintiff, Modular Steel Systems Inc. ("MSS"), by and through its undersigned counsel, Mey & Sulla, LLP., files this Complaint against Fairfield University ("Fairfield"), and in support thereof, avers as follows:

### Introductory Statement

1. This lawsuit arises from Fairfield's repeated failure to make payment on two Change Orders approved by their architect for the construction and delivery of 92 modular units which have been accepted, installed and occupied by Fairfield University for new student housing. MSS was a subcontractor to Fairfield's general contractor, Consigli, Inc. Accordingly, MSS files this lawsuit to recover the unpaid balance on its contract and for the Change Orders.

### The Parties

2. Plaintiff, Modular Steel Systems, Inc. is a Pennsylvania business corporation, organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 11 Edwards Drive, Bloomsburg, Pennsylvania, 17815.

3. The Defendant, Fairfield University, is, upon information and belief, an educational institution organized and existing under the laws of the State of Connecticut with its principal place of business located at 1073 North Benson Road, Fairfield, Connecticut, 06824.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over all claims set forth in this Complaint because they arise out of a contract formed in Pennsylvania, and the Court has personal jurisdiction over Fairfield, since it has availed itself of doing business with a Pennsylvania Corporation, in Pennsylvania, and regularly and continuously solicits business by directing mail, email, and internet solicitations to residents of the Commonwealth of Pennsylvania.

5. The Court possesses subject matter jurisdiction under 28 U.S.C. Section 1332 because the parties are diverse and the amount at issues exceeds $75,000.00.

6. Venue is proper under 28 U.S.C. Section 1391(b) (c) because Fairfield has availed itself of doing business with a Pennsylvania Corporation, in Pennsylvania, and regularly and continuously solicits business by directing mail, email, and internet solicitations to residents of the Commonwealth of Pennsylvania.

## Material Facts

7. Plaintiff, MSS, is a modular construction company who was solicited by a subcontractor (Five Star) of Fairfield's general contractor, Consigli, to create, engineer and formulate plans specifically approved by Fairfield's architect for the construction of 96 modular units to be utilized for a project known as: "Fairfield University Townhouse Style Junior Housing" for a new student housing project to be located in Fairfield, Connecticut,.

8. At all relevant times, MSS dealt with representatives of Fairfield, including its architect throughout the engineering, design and approval process for the modular units to be

constructed which included elevation renderings and are contained in a set of drawings prepared by MSS utilized by Fairfield for the purpose of obtaining approvals and permits from the City of Fairfield, Connecticut, a true and correct copy of which is attached as Exhibit "1" hereto.

9. In reliance upon Fairfield's approval of the plans, specifications and renderings drawings prepared by MSS approved and utilized by Fairfield, MSS constructed the modular units in conformance with those plans, specifications and renderings.

10. During an inspection conducted by Fairfield's architect, the architect directed MSS to make changes in drawings prepared by MSS :

- the finish and number of lite dividers in the windows;
- requested additional linear feet of cabinets;
- requested a change in the specification and size of interior doors.

These changes are summarized in the Change Orders which are attached as Exhibits "2" and "3" hereto.

11. At all times material hereto, MSS relied upon the architect's authority to make the above changes as Fairfield's designated representative for this project.

## COUNT ONE

## BREACH OF CONTRACT

12. MSS incorporates by reference the proceeding paragraphs as though fully set forth herein.

13. Fairfield's direction, through its architect, to change the specifications constitutes a direct contractual relationship with MSS for the purpose of making those changes and the reasonable additional costs associated therewith.

14. MSS agreed to make the changes exclusively in reliance upon the direction and authority by Fairfield's architect.

15. The prices charged by MSS are fair, reasonable and in accordance with industry norms for these Change Orders and were at all times reasonable for the value of the work, services and materials specifically provided to Fairfield at its requests.

16. The total amount owed to MSS is the sum of the two Change Orders ($350,404.00 and $192,280.00: $542,684.00).

17. Upon information and belief, Fairfield has refused to release the retainage held in this project including the retainage owed to MSS in the amount of $192,355.55).

18. MSS has performed all conditions precedent to payment pursuant to the agreement between the parties.

WHEREFORE, Plaintiff, Modular Steel Systems, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Fairfield University in an amount of $705,039.55.

## COUNT TWO

## UNJUST ENRICHMENT

19. Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1 through 18 as though the same were fully set forth here at length.

20. As outlined more fully above, the Defendant, Fairfield, has retained the benefit of MSS's design, engineering, work and performance.

21. At all times relevant hereto, Defendant Fairfield accepted and appreciated the benefit of the aforesaid design, engineering, work and performance.

23. By retaining the benefit of the aforesaid design, engineering, work and performance, Defendant has been unjustly enriched at the sole expense of the Plaintiff. Indeed, Plaintiff has suffered substantial economic loss as a result of the Defendant's failure to pay for the benefit that it has accepted and retained.

24. The amount of unjust enrichment obtained by Defendant is $705,039.55.

25. It would be inequitable for a Defendant to retain the benefit of the aforesaid without payment to Plaintiff.

WHEREFORE, Plaintiff, Modular Steel Systems, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Fairfield University in an amount of $705,039.55.

Respectfully submitted,

  *//S/ Michael R. Mey*
Michael R.Mey, Esquire
*Attorney for Modular Steel Systems, Inc.*

**VERIFICATION**

I, Jonathan Davidson, says that he is the President of Modular Steel Systems Inc., the Plaintiff in the foregoing action; that the attached Complaint is based upon information which he has furnished to counsel and information which has been gathered by counsel in the preparation of the defense of this lawsuit. The language of the Complaint is that of counsel and not of the Plaintiff. The Plaintiff has read the Complaint and to the extent that they are based upon information which he has given to counsel, it is true and correct to the best of his knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, he has relied upon counsel in making this verification. Plaintiff understands that the statements are made subject to 18 Pa. C.S. §4904 providing for criminal penalties for unsworn falsification to authorities.

*//s/ Jonathan Davidson*
**Jonathan Davidson**
**President of Modular Steel Systems Inc.**